1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

7
8
9

ALBERT P. ALTO, et al.,

10                              Plaintiffs,

11        vs.

12

13   KEN SALAZAR, Secretary of the
     Department of Interior - United States of
14   America, LARRY ECHO HAWK, Assistant
     Secretary of the Department of Interior-
15   Indian Affairs - United States of America,
     MICHAEL BLACK, Director of the Bureau
16   of Indian Affairs of Department of Interior -
     United States of America, and ROBERT
17   EBEN, Superintendent of the Department of
     Interior Indian Affairs, Southern California
18   Agency, in their official capacity; and DOE
     Defendants 1 through 10, inclusive,

19
                                Defendants.
20

CASE NO. 11cv2276 – IEG (BLM)

ORDER:

(1) GRANTING TEMPORARY
RESTRAINING ORDER [Doc. No. 3],
and

(2) SCHEDULING A HEARING ON
MOTION FOR A PRELIMINARY
INJUNCTION [Doc. No. 4].

21

22        Plaintiffs, collectively known as the "Marcus Alto Sr. Descendants," seek declaratory and

23   injunctive relief from a January 28, 2011 order issued by Defendant Assistant Secretary Echo Hawk

24   finding that the Marcus Alto Sr. Descendants should be excluded from the San Pasqual tribal

25   membership roll.  Plaintiffs allege that the January 28, 2011 order was arbitrary and capricious in

26   violation of their due process rights under the Fifth Amendment and the Administrative Procedure

27   Act.  Currently before the Court is Plaintiffs' Ex Parte Application for Temporary Restraining Order.

28   [Doc. No. 3.]  Plaintiffs allege that they gave notice to Defendants of their intention to file the present

1  action and to seek interim relief.  Having considered Plaintiffs' arguments, and for the reasons set

2  forth below, the Court **GRANTS** the motion for a temporary restraining order and **SCHEDULES** a

3  hearing on the motion for a preliminary injunction for **Tuesday, October 18, 2011 at 10:00 a.m.**

4  **LEGAL STANDARD**

5  The analysis on a motion for a temporary restraining order ("TRO") is substantially identical

6  to that on a motion for a preliminary injunction.  *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*,

7  240 F.3d 832, 839 n.7 (2001).  "A plaintiff seeking a preliminary injunction must establish that he is

8  likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of

9  preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public

10  interest."  *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008).  As long as all four *Winter*

11  factors are addressed, an injunction may issue where there are "'serious questions going to the

12  merits'" and "a balance of hardships that tips sharply towards the plaintiff."  *Alliance for the Wild*

13  *Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

14  **DISCUSSION**

15  In this case, Plaintiffs contend they will be irreparably harmed if the San Pasqual Tribe is

16  allowed to amend the Tribe's Constitution without their participation. The proposed amendment, if

17  successful, would limit tribal membership to only those who are actually named on the 1966

18  Membership Roll, or who are born to someone named on that Membership Roll.  According to

19  Plaintiffs, because they do not satisfy either of the criteria, but were instead added pursuant to Title

20  25 Part 76 as blood descendants of San Pasqual tribal members who were identified in the 1910

21  census, they will be "forever precluded from enrollment, irrespective of their lineage and the proof

22  provided."  (Mem. of P.&A. ISO Motion for Preliminary Injunctive Relief, at 19.)  Plaintiffs,

23  therefore, have established a likelihood of irreparable harm.

24  For the same reasons, Plaintiffs have established that the balance of hardships tips sharply in

25  their favor, at least at this early stage of the proceedings.  If the TRO is not granted, Plaintiffs may be

26  forever precluded from enrollment.  On the other hand, the harm to Defendants and the San Pasqual

27  Tribe is minimal.  If the January 28, 2011 order is upheld against the Plaintiffs' challenge, the Tribe

28  can then proceed to remove Plaintiffs from its membership roll.

1   Plaintiffs have also demonstrated that there are serious questions going to the merits.  For

2 example, Plaintiffs allege that the issues decided in the January 28, 2011 order were already decided

3 in the 1994/1995 administrative proceedings, and that the factual determinations in those proceedings

4 should have been afforded res judicata effect.  *See United States v. Liquidators of European Fed.*

5 *Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011).  Plaintiffs also allege that in making his factual

6 determinations, Defendant Hawk failed to consider all of the relevant factors, ignored some factors

7 while giving substantial weigh to others, and failed to articulate a rational connection between the

8 facts found and the conclusions made.  *See Latino Issues Forum v. U.S. E.P.A.*, 558 F.3d 936, 941 (9th

9 Cir. 2009); *Envtl. Def. Ctr., Inc. v. U.S. E.P.A.*, 344 F.3d 832, 858 n.36 (9th Cir. 2003).

10   Finally, there does not appear to be any "critical public interest" that would be injured by

11 granting a TRO and setting the case for a hearing on whether a preliminary injunction should be

12 granted.  *See Alliance for the Wild Rockies*, 632 F.3d at 1138.

13              **CONCLUSION**

14   Because Plaintiffs have demonstrated that there are "serious questions" going to the merits and

15 the balance of hardships tips sharply in their favor, and because Plaintiffs are likely to be irreparably

16 harmed if a TRO is not issued, the Court **GRANTS** their Ex Parte Application for a Temporary

17 Restraining Order.  Defendants, their officers, agents, servants, employees, and attorneys are hereby

18 RESTRAINED and ENJOINED from removing Plaintiffs from the tribal membership roll or from

19 taking any further action to implement the Assistant Secretary's January 28, 2011 order until the Court

20 rules on Plaintiffs' motion for a preliminary injunction.  This order and supporting papers must be

21 served on Defendants by the **end of day on Tuesday, October 4, 2011**.

22   The Court also schedules a hearing on the Motion for Preliminary Injunctive Relief for

23 **October 18, 2011 at 10 a.m.**  Defendants shall file their opposition to the motion no later than

24 **October 11, 2011**.  Plaintiffs can file an optional reply no later than **October 14, 2011 at 12:00 p.m.**

25  **IT IS SO ORDERED.**

26

27  Dated:  **October 4, 2011**

28             IRMA E. GONZALEZ, Chief Judge
                United States District Court