1

2

3

4

5 **UNITED STATES DISTRICT COURT**

6 **SOUTHERN DISTRICT OF CALIFORNIA**

7

8 ALBERT P. ALTO, et al.,                                      CASE NO. 11cv2276 – IEG (BLM)

9                                     Plaintiffs,        ORDER:

10                                                       (1) DENYING SAN PASQUAL
                                                         BAND OF MISSION INDIANS'
11                                                       REQUEST FOR LEAVE TO APPEAR
                                                         SPECIALLY,
12       vs.
                                                         (2) DIRECTING THAT BAND'S
13                                                       REQUEST AND MOTION TO
                                                         DISMISS BE DOCKETED AS AN
14                                                       *AMICUS CURIAE* FILING,

15                                                       (3) EXTENDING TEMPORARY
                                                         RESTRAINING ORDER [Doc. No. 5],
16   KEN SALAZAR, Secretary of the
     Department of Interior - United States of           (4) RESCHEDULING HEARING ON
17   America, LARRY ECHO HAWK, Assistant                 PRELIMINARY INJUNCTION TO
     Secretary of the Department of Interior-            NOVEMBER 14, 2011, and
18   Indian Affairs - United States of America,
     MICHAEL BLACK, Director of the Bureau               (5) TO SHOW CAUSE WHY CASE
19   of Indian Affairs of Department of Interior -       SHOULD NOT BE DISMISSED
     United States of America, and ROBERT                PURSUANT TO F.R.C.P. 19.
20   EBEN, Superintendent of the Department of
     Interior Indian Affairs, Southern California
21   Agency, in their official capacity; and DOE
     Defendants 1 through 10, inclusive,
22
                                     Defendants.
23

24

25          Plaintiffs, collectively known as the "Marcus Alto Sr. Descendants," seek declaratory and

26   injunctive relief from a January 28, 2011 order issued by Defendant Assistant Secretary Echo

27   Hawk finding that the Marcus Alto Sr. Descendants should be excluded from the San Pasqual

28   tribal membership roll.  Plaintiffs allege that the January 28, 2011 order was arbitrary and

1  capricious in violation of their due process rights under the Fifth Amendment and the

2  Administrative Procedure Act.  On October 4, 2011, the Court granted Plaintiffs' Ex Parte

3  Application for Temporary Restraining Order ("TRO") and set a hearing on Plaintiffs' Motion for

4  a Preliminary Injunction for October 18, 2011 at 10:00 a.m.  [Doc. No. 5.]  On October 11, 2011,

5  Defendants filed a response to the motion for a preliminary injunction, asserting that there is

6  nothing currently pending before the Bureau of Indian Affairs ("BIA") and that therefore there is

7  nothing for the Court to enjoin.  [Doc. No. 7.]  Defendants also indicate that pending resolution of

8  this lawsuit, they have voluntarily decided to take no further action to implement the Assistant

9  Secretary's January 28, 2011 order.  [*Id.*]  Also on October 11, 2011, the San Pasqual Band of

10  Mission Indians ("Band") requested leave to appear specially so that it could file a Motion to

11  Dismiss pursuant to Federal Rule of Civil Procedure 19.

12      The Court **DENIES** the Band's request to appear specially.  The Court, however, has

13  "broad discretion to appoint amici curiae."  *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982),

14  *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).  In the present case,

15  because the Court believes that the determination of the Rule 19 motion might be dispositive to

16  this case proceeding any further, and because the Band's briefing on the issue might be helpful to

17  the Court in resolving the issue, the Court will accept the Band's Motion to Dismiss as an *amicus*

18  *curiae* filing.  *See id.* (affirming the district court's grant of the government's request to become an

19  *amicus curiae* in a case involving prison conditions where the government "was helpful to [the

20  court] in investigating the facts and advising it on the federal government's position on issues of

21  federal constitutional law); *Knox v. U.S. Dep't of the Interior*, No. 4:09-CV-162-BLW, 2011 WL

22  2837219, at *1 (D. Idaho July 9, 2011) (granting motions by several Tribes seeking amicus status

23  after finding that "[t]he Tribes' input would be helpful to the Court in reviewing the Secretary's

24  motion to reconsider").

25      Both sides are **ORDERED** to file simultaneous briefs by **October 28, 2011** as to whether

26  this case should be dismissed pursuant to Federal Rule of Civil Procedure 19 because the Band is a

27  necessary and indispensable party.  In light of the new briefing schedule, the hearing currently set

28  for October 18, 2011 and the accompanying briefing schedule are **VACATED**.

1    To ensure that the Court has the benefit of the parties' briefing on the above issue before it

2    rules on Plaintiffs' motion for a preliminary injunction, and to preserve the status quo in the

3    interim, the Court also extends the TRO granted on October 4, 2011.  Rule 65(b) provides that a

4    TRO issued without notice may not exceed 14 days, and that it may be extended for an additional

5    14 days for "good cause" shown or for a longer time if "the adverse party consents to a longer

6    extension."  Fed. R. Civ. P. 65(b)(2).  In this case, the TRO was issued *with notice* to Defendants,

7    and they already had an opportunity to respond.  More importantly, Defendants have indicated that

8    they have "voluntarily decided to take no further action to implement the Assistant Secretary's

9    decision pending resolution of this lawsuit by this Court."  (Response to Motion for Preliminary

10   Injunction, at 4 [Doc. No. 7].)  Although Defendants provide this as a reason to deny Plaintiffs'

11   motion for a preliminary injunction, the Court construes it as a consent to an extension of the TRO

12   for a period longer than 14 days to allow the Court to decide whether this case should be dismissed

13   pursuant to Rule 19.  *See F.T.C. v. Affordable Media*, 179 F.3d 1228, 1237 (9th Cir. 1999) ("[I]t is

14   actually well-settled 'that an action for an injunction does not become moot merely because the

15   conduct complained of was terminated, *if there is a possibility of recurrence*, since otherwise the

16   defendant[s] would be free to return to their old ways.'" (citation omitted)).

### CONCLUSION

18   Band's request to appear specially is **DENIED**.  Instead, the Clerk of Court is directed to

19   docket the Band's motion to dismiss as an *amicus curiae* filing.  Both parties are ordered to file

20   supplemental briefs by **October 28, 2011** as to whether this case should be dismissed pursuant to

21   Federal Rule of Civil Procedure 19.  The Court also **EXTENDS the TRO** in this case until such

22   time as it rules upon Plaintiffs' motion for a preliminary injunction.  The hearing on the motion for

23   a preliminary injunction is **RESCHEDULED** for **November 14, 2011 at 10:30 a.m.**  The

24   previous hearing date and accompanying briefing schedule are **VACATED**.

25   **IT IS SO ORDERED.**

27   Dated: **October 12, 2011**

             *Irma E. Gonzalez*

28           IRMA E. GONZALEZ, Chief Judge
             United States District Court