# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT P. ALTO, et al.,<br><br>                             Plaintiffs,<br><br>   vs.<br><br>KEN SALAZAR, Secretary of the Department of Interior - United States of America, LARRY ECHO HAWK, Assistant Secretary of the Department of Interior-Indian Affairs - United States of America, MICHAEL BLACK, Director of the Bureau of Indian Affairs of Department of Interior - United States of America, and ROBERT EBEN, Superintendent of the Department of Interior Indian Affairs, Southern California Agency, in their official capacity; and DOE Defendants 1 through 10, inclusive,<br><br>                             Defendants. | CASE NO. 11cv2276 – IEG (BLM)<br><br>ORDER:<br><br>(1) DENYING SAN PASQUAL BAND OF MISSION INDIANS' REQUEST FOR LEAVE TO APPEAR SPECIALLY,<br><br>(2) DIRECTING THAT BAND'S REQUEST AND MOTION TO DISMISS BE DOCKETED AS AN *AMICUS CURIAE* FILING,<br><br>(3) EXTENDING TEMPORARY RESTRAINING ORDER [Doc. No. 5],<br><br>(4) RESCHEDULING HEARING ON PRELIMINARY INJUNCTION TO NOVEMBER 14, 2011, and<br><br>(5) TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED PURSUANT TO F.R.C.P. 19. |

Plaintiffs, collectively known as the "Marcus Alto Sr. Descendants," seek declaratory and injunctive relief from a January 28, 2011 order issued by Defendant Assistant Secretary Echo Hawk finding that the Marcus Alto Sr. Descendants should be excluded from the San Pasqual tribal membership roll. Plaintiffs allege that the January 28, 2011 order was arbitrary and

capricious in violation of their due process rights under the Fifth Amendment and the Administrative Procedure Act.  On October 4, 2011, the Court granted Plaintiffs' Ex Parte Application for Temporary Restraining Order ("TRO") and set a hearing on Plaintiffs' Motion for a Preliminary Injunction for October 18, 2011 at 10:00 a.m. [Doc. No. 5.]  On October 11, 2011, Defendants filed a response to the motion for a preliminary injunction, asserting that there is nothing currently pending before the Bureau of Indian Affairs ("BIA") and that therefore there is nothing for the Court to enjoin. [Doc. No. 7.]  Defendants also indicate that pending resolution of this lawsuit, they have voluntarily decided to take no further action to implement the Assistant Secretary's January 28, 2011 order. [*Id.*]  Also on October 11, 2011, the San Pasqual Band of Mission Indians ("Band") requested leave to appear specially so that it could file a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 19.

The Court **DENIES** the Band's request to appear specially.  The Court, however, has "broad discretion to appoint amici curiae." *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).  In the present case, because the Court believes that the determination of the Rule 19 motion might be dispositive to this case proceeding any further, and because the Band's briefing on the issue might be helpful to the Court in resolving the issue, the Court will accept the Band's Motion to Dismiss as an *amicus curiae* filing.  *See id.* (affirming the district court's grant of the government's request to become an *amicus curiae* in a case involving prison conditions where the government "was helpful to [the court] in investigating the facts and advising it on the federal government's position on issues of federal constitutional law); *Knox v. U.S. Dep't of the Interior*, No. 4:09-CV-162-BLW, 2011 WL 2837219, at *1 (D. Idaho July 9, 2011) (granting motions by several Tribes seeking amicus status after finding that "[t]he Tribes' input would be helpful to the Court in reviewing the Secretary's motion to reconsider").

Both sides are **ORDERED** to file simultaneous briefs by **October 28, 2011** as to whether this case should be dismissed pursuant to Federal Rule of Civil Procedure 19 because the Band is a necessary and indispensable party.  In light of the new briefing schedule, the hearing currently set for October 18, 2011 and the accompanying briefing schedule are **VACATED**.

To ensure that the Court has the benefit of the parties' briefing on the above issue before it rules on Plaintiffs' motion for a preliminary injunction, and to preserve the status quo in the interim, the Court also extends the TRO granted on October 4, 2011. Rule 65(b) provides that a TRO issued without notice may not exceed 14 days, and that it may be extended for an additional 14 days for "good cause" shown or for a longer time if "the adverse party consents to a longer extension." Fed. R. Civ. P. 65(b)(2). In this case, the TRO was issued *with notice* to Defendants, and they already had an opportunity to respond. More importantly, Defendants have indicated that they have "voluntarily decided to take no further action to implement the Assistant Secretary's decision pending resolution of this lawsuit by this Court." (Response to Motion for Preliminary Injunction, at 4 [Doc. No. 7].) Although Defendants provide this as a reason to deny Plaintiffs' motion for a preliminary injunction, the Court construes it as a consent to an extension of the TRO for a period longer than 14 days to allow the Court to decide whether this case should be dismissed pursuant to Rule 19. *See F.T.C. v. Affordable Media*, 179 F.3d 1228, 1237 (9th Cir. 1999) ("[I]t is actually well-settled 'that an action for an injunction does not become moot merely because the conduct complained of was terminated, *if there is a possibility of recurrence*, since otherwise the defendant[s] would be free to return to their old ways.'" (citation omitted)).

## CONCLUSION

Band's request to appear specially is **DENIED**. Instead, the Clerk of Court is directed to docket the Band's motion to dismiss as an *amicus curiae* filing. Both parties are ordered to file supplemental briefs by **October 28, 2011** as to whether this case should be dismissed pursuant to Federal Rule of Civil Procedure 19. The Court also **EXTENDS the TRO** in this case until such time as it rules upon Plaintiffs' motion for a preliminary injunction. The hearing on the motion for a preliminary injunction is **RESCHEDULED** for **November 14, 2011 at 10:30 a.m.** The previous hearing date and accompanying briefing schedule are **VACATED**.

**IT IS SO ORDERED.**

Dated: **October 12, 2011**

IRMA E. GONZALEZ, Chief Judge
United States District Court