# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT P. ALTO, et al.,<br><br>          Plaintiffs,<br>vs.<br><br>KEN SALAZAR, Secretary of the Department of the Interior - United States of America; LARRY ECHO HAWK, Assistant Secretary of the Department of Interior- Indian Affairs - United States of America; MICHAEL BLACK, Director of the Bureau of Indian Affairs of Department of Interior - United States of America; ROBERT EBEN, Superintendent of the Department of Interior Indian Affairs, Southern California Agency, in their official capacity,<br><br>          Defendants. | CASE NO. 11cv2276-IEG(BLM)<br><br>Order Denying in Part and Reserving Ruling in Part on Tribe's Motion to Dismiss [Doc. 70]; Denying Motion to Dissolve Preliminary Injunction [Doc. 68]; Granting Motions to File Briefs in Excess of Page Limits [Docs. 68, 70, 78] |

  Plaintiffs, collectively known as the "Marcus Alto Sr. Descendants," seek declaratory and injunctive relief from a January 28, 2011 order issued by Defendant Assistant Secretary Echo Hawk finding that the Marcus Alto Sr. Descendants should be excluded from the San Pasqual Band of Mission Indians ("Tribe" or "Band") membership roll. Presently before the Court is (1) the Tribe's motion to dismiss under Fed. R. Civ. P. 12(b)(7) for failure to join the Tribe as a required and indispensible party within the meaning of Fed. R. Civ. P. 19 or alternatively to

dismiss for lack of subject matter jurisdiction[1] pursuant to Fed. R. Civ. P. 12(b)(1), and (2) the Tribe's motion to dissolve the preliminary injunction.

Following full briefing and oral argument, for the reasons discussed herein, the Court DENIES IN PART and RESERVES RULING IN PART on the Tribe's motion to dismiss and DENIES without prejudice the Tribe's motion to dissolve the Preliminary Injunction.

### *Procedural History*

The parties are well-familiar with the factual background of this case, and the Court will not repeat it herein. Plaintiff's original complaint was filed on September 30, 2011, alleging four causes of action: (1) declaratory relief based on the doctrine of *res judicata*; (2) declaratory relief on the basis that Defendant Echo Hawk violated the enrolled Plaintiffs' right to procedural due process; (3) declaratory relief and reversal of the agency's January 28, 2011 order based upon arbitrary and capricious action; and (4) injunctive relief based on the agency's alleged failure to act. [Doc. No. 1.] Plaintiffs also filed an *Ex Parte* Motion for Temporary Restraining Order ("TRO") and a Motion for Preliminary Injunction. [Doc. Nos. 2, 3.] The Court granted the TRO and set a schedule for briefing the preliminary injunction. [Doc. No. 5.]

On October 11, 2011, while the motion for preliminary injunction was pending, the Tribe filed a request with the Court to appear specially and an accompanying motion to dismiss this action under Federal Rule of Civil Procedure 19. [Doc. No. 10.] On October 12, 2011, the Court denied the Tribe's request to appear specially, but allowed the Tribe's motion to be docketed as an *amicus curiae* brief. [Doc. No. 11.] The Court also ordered both parties to respond as to whether this action should be dismissed pursuant to Rule 19. The Court extended the TRO and moved the hearing on the preliminary injunction.

---

[1] The Tribe argues Plaintiffs lack Article III standing because they allege no injury arising under federal law and instead allege only nonjusticiable matters of Tribal law. These arguments are intertwined with Plaintiffs' arguments regarding subject matter jurisdiction, and are not addressed separately herein. Plaintiffs have demonstrated the Assistant Secretary's decision has caused them actual "injury in fact" that is concrete and particularized and that is fairly traceable to the Assistant Secretary's decision. *See Friends of the Earth, Inc. v. Laidlaw Environmental Services*, 528 U.S. 167, 180-81 (2000) (setting out Article III standing). Plaintiffs' injury is redressable by the Court under the Administrative Procedures Act in that the Assistant Secretary has the final decision making authority as delegated by the Tribe. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 572 (1992) (holding that a plaintiff who raises matters which are not redressable lacks Article III standing).

1 By order filed December 19, 2011, the Court declined to dismiss the action under Fed. R. Civ. P. 19, finding that complete relief could be accorded in the Tribe's absence, that the Tribe's interest may be adequately represented by the federal government, and the federal government is unlikely to suffer inconsistent obligations in the Tribe's absence. [Doc. No. 24, pp. 21-28.] The Court granted Plaintiffs' motion for preliminary injunction, and enjoined the Defendants from removing Plaintiffs from the Tribe's membership roll or taking any further action to implement the Assistant Secretary's January 28, 2011 order.

On January 12, 2012, Assistant Secretary Echo Hawk issued a memorandum order to the BIA Regional Director and BIA Superintendent. That memo confirmed that the Bureau of Indian Affairs ("BIA") had not approved a modified roll reflecting the disenrollment of the Altos, and concluded (as found by the Court in its preliminary injunction order) that the Plaintiffs remain members of the Band. [Doc. No. 26-1, p. 2.] The Assistant Secretary directed that because the Alto descendants are deemed to be members of the Band, they remain entitled to all rights and benefits enjoyed by such members, including participation on tribal elections, provision of health care services, and per capita distribution of income under the Band's Revenue Allocation Plan. [*Id.* p. 3.]

Plaintiffs filed an objection to the Assistant Secretary's memorandum order on January 23, 2012, seeking further relief from the Court. [Doc. No. 28.] The Court, however, denied the objection, concluding no further equitable relief was appropriate at the time. [Doc. No. 43.]

By order filed March 12, 2012, the Court granted Plaintiffs leave to file a first amended complaint ("FAC"). [Doc. No. 49.] The FAC, filed on March 13, 2012, again seeks declaratory relief based upon *res judicata* and violation of due process, and seeks reversal of the Agency's January 28, 2011 order under the Administrative Procedures Act. [Doc. No. 50, ¶¶ 60-125 (First, Second, and Third Causes of Action).] The FAC also, again, seeks injunctive relief requiring Assistant Secretary to issue an order to the Tribe to enforce Plaintiffs' rights and benefits. [Doc. No. 50, ¶¶ 126-138 (Fourth Cause of Action).] Finally, Plaintiffs add a Fifth Cause of Action for declaratory and injunctive relief, seeking pay-out of Indian Gaming Regulatory Act and Revenue Allocation Plan funds withheld between January 29, 2011 and January 12, 2012. [Doc. No. 50,

¶¶ 139-148 (Fifth Cause of Action).]

The Administrative Record was filed with the Court on March 19, 2012. [Doc. No. 19.] The Tribe thereafter filed a motion to intervene pursuant to Fed. R. Civ. P. 24(a). Because the Court's preliminary injunction order, the Assistant Secretary's January 23, 2012 Memorandum Order, and Plaintiff's newly added Fifth Cause of Action raised additional issues regarding the scope of the Court's jurisdiction to adjudicate the issues in the case, the Court granted the Tribe leave to intervene for purposes of filing the current motions.

### *Motions to Extend Page Limits*

Both the Tribe and the Plaintiffs filed overlength briefs without obtaining prior leave of Court. The Court GRANTS the requests contained in those briefs for leave to file excess pages. In the future, however, the Court cautions counsel they should stay within the page limitations set forth in the Local Rules unless they obtain prior leave of Court to exceed those limits.

### *Motion to Dismiss*

Although the Tribe moves to dismiss the entire action for lack of subject matter jurisdiction and for inability to join a required party, the Court agrees with the parties – the First, Second, and Third Causes of Action are wholly distinguishable from Plaintiffs' Fourth and Fifth Causes of Action. Therefore, the Court will address the Tribe's arguments regarding the first three causes of action, before addressing the Tribe's arguments on the Fourth and Fifth Causes of Action.

A. Jurisdiction and Joinder with Regard to the First, Second, and Third Causes of Action

The Court may not exercise jurisdiction over an Indian tribe because of tribal sovereign immunity. *Lewis v. Norton*, 424 F.3d 959, 961 (9th Cir. 2005). However, even if the Plaintiffs demonstrate the Tribe's sovereign immunity does not bar the action, Plaintiffs must still establish the presence of subject matter jurisdiction in order to proceed against the Federal Defendants. *Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1016 (9th Cir. 2007).

Federal subject matter jurisdiction is a matter of statutory authority. *Id*. (citing *Exxon Mobil Corp. v. Allapattah Servs*., 545 U.S. 546, 553 (2005) ("federal courts have no jurisdiction without statutory authorization"). Here, Plaintiffs allege the Court has jurisdiction under 28 U.S.C. § 1331 "in that the Administrative Order complained of herein has effectively stripped the

Plaintiffs' vested property rights and done so without full and fair consideration and full briefing on the issues, all in violation of their right to due process." [FAC, ¶ 3.] Plaintiffs further allege the Assistant Secretary's action "was arbitrary and capricious within the meaning of the due process clause of the Fifth Amendment" invoking the Court's jurisdiction under the Administrative Procedures Act, 5 U.S.C. §§ 702, 704, and 706. [FAC, ¶ 4.] Finally, Plaintiffs allege "[t]his Court has jurisdiction pursuant to 28 U.S.C. § 1361 to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Plaintiffs." [FAC, ¶ 5.]

The Court concludes it has jurisdiction over Plaintiffs' First, Second and Third Causes of Action under the APA. The APA is not an independent grant of subject matter jurisdiction to review agency actions. In order to proceed with a claim under the APA, Plaintiffs must establish that "[a] person suffer[ed] legal wrong because of agency action, ... within the meaning of a relevant statute." 5 U.S.C. § 702. "When ... review is sought not pursuant to specific authorization in the substantive statute, but only under the general review provisions of the APA, the 'agency action' in question must be 'final agency action'." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 882 (1990) (quoting 5 U.S.C. § 704). Here, there was no "agency action ... within the meaning of a relevant statute" when the Enrollment Committee initially, on July 25, 2008, notified the Plaintiffs they were disqualified from enrollment. Because 25 C.F.R. Part 48 is no longer part of the federal regulations, but is merely part of the Tribal Constitution, any act or omission in violation of that regulation does not become reviewable under the APA absent some further statutory basis. The current federal regulations regarding preparation of Rolls of Indians "are not to apply in the compilation of tribal membership rolls where the responsibility for the preparation and maintenance of such rolls rests with the tribes." 25 C.F.R. § 61.2.

For that reason, in both of the prior actions surrounding the Alto Plaintiffs' enrollment, Judge Jones concluded the Court lacked subject matter jurisdiction because enrollment matters are purely a matter of interpretation of tribal law. [*Atilano v. Bureau of Indian Affairs*, Case No. 05cv1134-J, Doc. No. 13, p. 6 ("The BIA once had statutory authority over the Tribe's enrollment pursuant to 25 C.F.R. Part 48 and 25 C.F.R. Part 76. However, in 1996, the BIA repealed any such authority. ... As a result, any consultative role the BIA plays in the Tribe's membership

enrollment process is that authorized by the Tribe's Constitution. Thus, if the Court granted any of Plaintiffs' requested relief, it would interfere with the Tribe's Constitution, which is the sole source of power over the Tribal enrollment process."); *Caylor v. Bureau of Indian Affairs*, Case No. 03cv1859-J, Doc. No. 29, p.9 (rejecting plaintiffs' claims under the APA because the enrollment regulations pursuant to which plaintiffs brought suit, 25 C.F.R. §§ 76.2 and 76.4 had been repealed and the plaintiffs did not initiate an administrative action to challenge the administration of the election.")]

This case is different, however, because the Plaintiffs are now seeking judicial review of a final agency decision issued pursuant to the appeals process set forth in 25 C.F.R. §§ 62.1 *et seq*.[2] Assistant Secretary Echo Hawk exercised his authority to make a final decision regarding Plaintiffs' enrollment because the Enrollment Committee of the Tribe appealed pursuant to the "Enrollment Appeals" provision of the federal regulations. [FAC, Exhibit 10, p. 1 (finding jurisdiction under 25 C.F.R., Part 62, "Enrollment Appeals").] "[F]inal agency action for which there is no other adequate remedy in a court [is] subject to judicial review" under the arbitrary and capricious standard. 5 U.S.C. §§ 704 and 706. Judicial review of the Assistant Secretary's January 28, 2011 decision arises not only because the Tribe vested authority, pursuant to Article III of its constitution, with the Secretary of the Interior to issue final decisions respecting membership in the Tribe and approval of disenrollement decisions, but also because the Tribe utilized the federal Enrollment Appeals process set forth in the federal regulations. Assistant Secretary Echo Hawk's January 28, 2011 order was a final agency decision, subject to judicial review under the APA. Thus, the Court has jurisdiction over Plaintiffs' First, Second, and Third Causes of Action.

The Court previously addressed the Rule 19 joinder issues in its Preliminary Injunction Order. Having fully reviewed the Tribe's arguments, the Court finds no basis to reconsider its

---

[2]Part 62 of Title 25 of the C.F.R. is entitled "Enrollment Appeals." The purpose of the regulations is "to provide procedures for the filing and processing of appeals from adverse enrollment actions by Bureau officials." 25 C.F.R. § 62.2. Notably, the procedures apply where "[a]n appeal to the Secretary is provided for in the tribal governing document." *Id*. The regulations provide for several levels of review, culminating in a decision by the Assistant Secretary "which shall be final for the Department." 25 C.F.R. § 62.11.

1  prior decision that the Tribe is not a party required to be joined under Fed. R. Civ. P. 19 with
2  regard to the first three Causes of Action.  The Court can afford complete relief on those claims for
3  review of the agency's decision, even in the absence of the Tribe, because those claims focus
4  solely on the propriety of the Secretary's decision.  For all of the reasons explained by the Court in
5  its Preliminary Injunction Order, the Tribe does not have a legally protected interest that would be
6  impaired in its absence.  The United States can and will adequately represent the Tribe's interest in
7  upholding the Assistant Secretary's decision.  Thus, with regard to the First, Second, and Third
8  Causes of Action, the Court hereby adopts and incorporates its prior decision denying the Tribe's
9  Rule 19 motion.  [*See Preliminary Injunction Order*, Doc. No. 24, pp. 21-26.]  The Tribe's motion
10 to dismiss for lack of subject matter jurisdiction and for failure to join a required party is DENIED
11 as to Plaintiffs' first three Causes of Action.

12         B.       Jurisdiction and Joinder with regard to Plaintiffs' Fourth and Fifth Causes of Action
13         The Court is far less certain, however, of Plaintiffs' ability to demonstrate jurisdiction over
14 their Fourth and Fifth Causes of Action.  Plaintiffs' Fourth Cause of Action alleges Assistant
15 Secretary Echo Hawk's "failure to act" on their request for reconsideration provides a basis for the
16 Court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).
17 Plaintiffs' Fifth Cause of Action alleges that the Bureau of Indian Affairs/Department of the
18 Interior is required to enforce their rights to per capita payments under the under the Indian
19 Gaming Regulatory Act ("IGRA"), 25 U.S.C. § 2710, and/or Indian Civil Rights Act ("ICRA"), 25
20 U.S.C. § 1303.

21         Under the APA, "[t]he only agency action that can be compelled ... is action that is legally
22 required." *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 63 (2004).  Although the
23 Plaintiffs broadly assert the Federal Defendants owe them a fiduciary duty to act, they do not
24 define the nature, extent, or source of the alleged duty.  Similarly, although Plaintiffs assert the
25 Court has jurisdiction over their claims generally under 28 U.S.C. § 1331 and 1361[3], Plaintiffs do

26
27         [3]Section 1331 provides that "The district courts shall have original jurisdiction of all civil
   actions arising under the Constitution, laws, or treaties of the United States."  Section 1361
28 provides "The district courts shall have original jurisdiction of any action in the nature of
   mandamus to compel an officer or employee of the United States or any agency thereof to perform

not persuasively show the Court can compel the Defendants to act under the IGRA or the ICRA.

The Court also has reservations about its ability to proceed on the merits of Plaintiffs' Fourth and Fifth Causes of Action in the absence of the Tribe. Plaintiffs' Fourth Cause of Action purports to compel agency action unlawfully withheld [FAC, ¶ 128], but as a practical matter Plaintiffs challenge the Tribe's failure to make monthly per capita distributions of gaming income to them, as well as their inability to participate in Tribal elections and lack of access to Indian Health Care services. Plaintiffs seek an order from the Court requiring the Assistant Secretary to compel the Tribe to issue the required payments and to permit them access to tribal governance and Indian Health Care services. Similarly, Plaintiffs' Fifth Cause of Action is phrased as a controversy between Plaintiffs and the Assistant Secretary as to whether they continue to be federally enrolled members of the Tribe after he issued the January 28, 2011 order. [FAC, ¶ 140.] However, at its core, Plaintiffs' Fifth Cause of action seeks a declaration that at no time were they removed from the federally approved roll such that they are entitled to their per capita gaming revenues. [FAC, ¶ 147.] If the Court were to find in favor of Plaintiffs on their Fourth and Fifth Causes of Action, the Tribe is not bound by the Court's order and could decline to grant Plaintiffs relief even if ordered to do so by the Assistant Secretary. This not only impairs the interest of the Tribe, but also leaves the government open to inconsistent obligations.

Nonetheless, the Court believes it is most appropriate to delay resolution of the question of the Court's jurisdiction over Plaintiffs' Fourth and Fifth Causes of Action, and the ability to proceed in the absence of the Tribe, until the Court has conducted the administrative review Plaintiffs request in their First, Second, and Third Causes of Action. As Plaintiffs conceded at oral argument, the Fourth and Fifth Causes of Action would be rendered moot if the Court found in favor of the Federal Defendants and upheld the Assistant Secretary's decision. Under such circumstances, and given the difficult and highly disputed nature of the jurisdictional and Rule 19 inquiries underlying the Fourth and Fifth Causes of Action, the Court defers ruling on the Tribe's motion to dismiss the Fourth and Fifth Causes of Action at this time.

---

a duty owed to the plaintiff."

*Motion to Dissolve Preliminary Injunction*

The Tribe moves the Court pursuant to Fed. R. Civ. P. 54(c) and 65 to dissolve the preliminary injunction. The Tribe argues the Preliminary Injunction resulted in the Assistant Secretary's January 12, 2012 Memorandum Order, with relief running directly against the Tribe's self-governance and property interests.  Pursuant to Fed. R. Civ. P. 54(b), the "district court can modify an interlocutory order at any time before entry of a final judgment." *Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1124 (9th Cir. 2005).

Although the Assistant Secretary's January 12, 2012 Memorandum Order impacted the relationship between the agency and the Tribe, the Federal Defendants neither requested it be vacated nor advised the Court it could not make efforts to preserve the *status quo* pending resolution of the merits of Plaintiffs' claims under the APA.  For all of the reasons explained in the Court's Preliminary Injunction Order, the Court continues to believe that at this time the Plaintiffs have established a likelihood of success on the merits, irreparable harm, and that the balance of equities weigh in favor of a preliminary injunction.  Therefore, the Tribe's motion to dissolve the Preliminary Injunction is DENIED.

*Conclusion*

For the reasons set forth herein, the Court DENIES IN PART AND DEFERS RULING IN PART on the Tribe's motion to dismiss.  The Court DENIES the Tribe's motion to dissolve the preliminary injunction.

**IT IS SO ORDERED**.

**DATED:  June 13, 2012**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**